IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Montgomery Brown, Jr., ) | C/A No. 0:16-250-BHH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ) | |
| Warden R.H. Mauney, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Travis Montgomery Brown, Jr., a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 11.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Brown was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 14.) Brown filed a response in opposition to the respondent's motion (ECF No. 17), the respondent replied (ECF No. 18).[1] Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Brown's Petition denied.

## BACKGROUND

Brown was indicted in February 2012 in Greenville County for possession with intent to distribute cocaine base (2011-GS-23-4776), and manufacturing cocaine base (crack cocaine) (2011-

---

[1] Brown also filed a sur-reply. (ECF No. 19.) The court observes that the Local Civil Rules make no provision for sur-replies; however, consideration of Brown's sur-reply would not change the court's recommendation in this matter.

GS-23-4777).  (App. at 52-55; ECF No. 12-1 at 54-57.)  Brown was represented by Caroline Horlbeck, Esquire, and on December 3, 2012 pled guilty as charged.  (App. at 1-8, ECF No. 12-1 at 3-10.)  The circuit court sentenced Brown to twelve years' imprisonment for each charge, both sentences to be served concurrently.  (App. at 7, ECF No. 12-1 at 9.)  Brown did not appeal his conviction or sentence.

Brown filed a *pro se* application for post-conviction relief ("PCR") on June 5, 2013 in which he alleged ineffective assistance of counsel, a due process violation, and "illegal search/indictment information."  (See Brown v. State of South Carolina, 2013-CP-23-3438; App. at 9-15, ECF No. 12-1 at 11-17.)  The State filed a return.  (App. at 16-19, ECF No. 12-1 at 18-21.)  On June 19, 2014, the PCR court held an evidentiary hearing at which Brown appeared and testified and was represented by Robert M. Arial, Esquire.  By order filed August 11, 2014, the PCR court denied and dismissed with prejudice Brown's PCR application.  (App. at 44-51, ECF No. 12-1 at 46-53.)

On appeal, Brown was represented by John Strom, Esquire, with the South Carolina Commission on Indigent Defense, who filed a Johnson[2] petition for a writ of certiorari that presented the following issue:

> Did the PCR court err in finding Petitioner knowingly and intelligently pled guilty to a drug offense where the PCR record revealed that defense counsel was not even aware that co-defendant, Christopher Todd, had admitted that the drugs seized from the home of Petitioner's sister belonged to him?

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967), to post-conviction appeals).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.



(ECF No. 12-3.) Brown filed a *pro se* response to the <u>Johnson</u> petition. (ECF No. 12-4.) On September 3, 2015, the South Carolina Supreme Court issued an order denying Brown's petition for a writ of certiorari. (ECF No. 12-6.) The remittitur was issued on September 21, 2015. (ECF No. 12-7.) This action followed.

## FEDERAL HABEAS ISSUES

Brown's federal Petition for a writ of habeas corpus raises the following issues, quoted verbatim:

> **Ground One:** Ineffective Assistance of Counsel, Const. Amend. #6; (lack of performance)
> **Supporting Facts:** Although, Court Appointed Counsel, Applicant were denied a preliminary hearing, as a result, coerced into Plea. On June 19, 2014 at P.C.R. hearing, Counsel Alleged "she reviewed discovery with Applicant and a motion to suppress evidence would be difficult to prevail." But yet, prior to advising Applicant to accept Plea, fail to investigate, which she also alleged "she don't recall Todd's admitting ownership of drugs." Which is recorded inside discovery, nor discuss in detail how drugs found in sister's residence could be attributed to him, or discuss fruitage of warrant that is improper and over charged. However, agreed with Applicant upon Possession Charges.
>
> **Ground Two:** Due Process, Const. Amend. #14; (Lack of Probable Cause)
> **Supporting Facts:** Upon April 27, 2011 incident, Police executed a search warrant at Applicant sister's residence for boyfriend (Todd) belated drug commerces dated March 18, 2011. At the completion of securing all subject's, Police found drug's, scales, etc. in Todd and sister's room. Plus witnessed Todd tossing drug's out room window. Todd claimed drug's, owner of residence were not similarly situated do to type charge's farmed against Applicant (constructive Poss) Applicant were never discovered in investigation, nor found upon execution possessing drug's, items seized, etc. Probable Cause for arrest were improper for the aforementioned offense's, dominion or control over drugs and premise were lacking[.]
>
> **Ground Three:** Illegal Search, Const. Amend. #4 (lack of Chain of Custody)
> **Supporting Facts:** Upon the April 27, 2011 incident, Police executed a search warrant at 113 Sterling Street in Greenville, S.C. Specifically describing Christopher Charles Todd as the independent suspect under investigation that perhaps were the only matter brought before the Magistrate. However, no other Confederate were mentioned, the specificity of search warrant were not as to the person whom the evidence is to be used, but as to the place and thing to be seized. Considering the



only drug's found were in Todd's possession, who in fact, admitted before the arresting officer's, Applicant's arrest were based on paraphernalia.

**Ground Four:** Indictment Information, Const. Amend. #5; (lack of subject matter jurisdiction)
**Supporting Facts:** Upon the April 27, 2011 incident, perhaps the only matter brought before Magistrate were based on the Affiant's foregoing investigation, launched upon the inextricable warrantee Todd's belated drug activities (March 18, 2011) Applicant arrest warrant obtained April 28, 2011, were leaving out the reliance of it's truth in additional, exculpatory information was omitted from Affidavit were necessary for Magistrate finding probable cause to based arrest on Possession with intent Distribution, and Manufacture cocaine base, which indictment however, issued upon. Show's that the subject matter were lacking Jurisdiction. Applicant were found negative on his person, nor owned Residence searched. Owner of Residence were not Charged.

(Pet., ECF No. 1) (errors in original).

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an

"unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States

Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice



as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Respondent's Motion for Summary Judgment**

    **1.     Procedurally Barred Claims**

In Grounds Two and Three of the Petition, Brown alleges the police conducted an illegal search and he was arrested without probable cause or due process, in violation of the Fourth and Fourteenth Amendments. In Ground Four, Brown alleges the trial court lacked subject matter jurisdiction because the indictment was invalid. The respondent argues these claims are procedurally barred from federal habeas review because they were not raised to and ruled upon in state court. The court agrees. Because Brown pled guilty, he waived his right to challenge these issues on appeal. See State v. Rice, 737 S.E.2d 485, 485 (S.C. 2013) ("[A] guilty plea constitutes a waiver of nonjurisdictional defects and claims of violations of constitutional rights."). Therefore, as these claims were barred from appellate review on independent and adequate state procedural rules, they are similarly barred from federal habeas review. Lawrence, 517 F.3d at 714.[3]

    **2.     Ground One**

In Ground One of the Petition, Brown argues he did not knowingly and voluntarily enter his guilty plea because plea counsel was ineffective. Specifically, he alleges plea counsel's failure to advise him on the law of constructive possession and failure to conduct an adequate investigation caused him to forgo a pretrial suppression hearing, and left him no choice but to plead guilty.

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated

---

[3] Further, Brown has not asserted that he can show cause to excuse the procedural bar or a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750.



in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id.



(citations omitted).  Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court.  As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief.  In the case at bar, this court has the benefit of the PCR court's written order dismissing Brown's PCR application, certiorari review of which was denied by the South Carolina Supreme Court.  Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts.  Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

Brown was arrested on April 27, 2011 when the Greenville County Sheriff's Office executed a search warrant at a residence where Brown was present.  (App. at 5, ECF No. 12-1 at 7.)  The officers found drugs and drug paraphernalia in the search.  (Id.)  Brown's fingerprints were found on glass cookware that was used to manufacture cocaine.  (Id.)  The officers also found paperwork in the residence with Brown's name on it.  (Id.)  Brown was charged with, and eventually pled guilty to, possession with intent to distribute cocaine base and manufacturing cocaine base.  (App. at 3-4, ECF No. 12-1 at 5-6.)

At the PCR hearing, Brown testified that he was arrested because he was present in his sister's house that had drugs in it, but the drugs were not his.  (App. at 27, ECF No. 12-1 at 29.)  He



claimed that the drugs belonged to his sister's boyfriend, who told the officers the drugs were his and not Brown's. (App. at 28, ECF No. 12-1 at 30.) Brown testified that plea counsel told him that he could be charged for the possession of the drugs because he was present at the residence where the drugs were located. (App. at 24-25, ECF No. 12-1 at 26-27.) He testified that he had no choice but to plead guilty based on plea counsel's representation because he did not understand South Carolina's law. (Id.) He testified he wanted plea counsel to argue that because the drugs were found in another person's residence, he should not be charged with these drug offenses. (App. at 32, ECF No. 12-1 at 34.) Brown also testified that plea counsel did not advise him that he could attempt to suppress the evidence against him at trial. (Id.) He testified that he pled guilty because he relied on plea counsel's advice, but he would not have plead guilty at the time if he had the information that he has now. (App. at 30, ECF No. 12-1 at 32.)

      Plea counsel testified that she discussed with Brown the charges against him, the elements the State would have to prove, and the discovery. (App. at 34-35, ECF No. 12-1 at 36-37.) She also testified that she sent an investigator to the residence who interviewed witnesses, but they did not provide any helpful information. (App. at 38-39, ECF No. 12-1 at 40-41.) She testified that Brown understood the elements of the crimes and potential defenses, but he did not want to go to trial. (App. at 36, 40-41; ECF No. 12-1 at 38, 42-43.) Plea counsel testified that she discussed with Brown the issues surrounding the search warrant, and if Brown wanted to go to trial, she would have moved to suppress it. (App. at 34, ECF No. 12-1 at 36.) But, she added, such a motion would have been "difficult to win." (Id.) She further testified that Brown was staying at his sister house at the time of his arrest, and the room where he was staying contained a bag full of drug paraphernalia. (App. at 38, ECF No. 12-1 at 40.)



The PCR court found Brown failed to meet his burden of showing his guilty plea was not entered knowingly and voluntarily. The court found Brown's testimony was not credible but found plea counsel's testimony was credible. The court also found that a suppression motion would not have likely been successful and Brown failed to present any evidence to show that further investigation would have produced favorable evidence.

The court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. Plea counsel's testimony supports the PCR court's finding that Brown knowingly and voluntarily entered his guilty plea. See Hill, 474 U.S. at 56 ("The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' ") (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Plea counsel's testimony shows that Brown decided to plead guilty with full awareness of his ability to challenge the search warrant in a pretrial suppression hearing. Her testimony also shows that Brown was aware that based on her investigation and the State's evidence, a motion to suppress was not likely to succeed. Further, plea counsel's testimony shows that Brown was advised that the law of constructive possession[4] allowed for his prosecution in this case, despite his insistence that the drugs found in the residence did not belong to him.[5] Moreover, the PCR court found plea counsel's testimony was more credible than Brown's testimony, which commands deference from this court.

---

[4] See generally State v. Hudson, 284 S.E.2d 773, 774-75 (S.C. 1981) ("To prove constructive possession, the State must show a defendant had dominion and control, or the right to exercise dominion and control, over the [drugs]. Constructive possession can be established by circumstantial as well as direct evidence, and possession may be shared.").

[5] To the extent Brown argues plea counsel's failure to advise him on the law of constructive possession contributed to the involuntariness of his plea, the court notes the PCR court did not analyze this allegation as a basis for his claim.



See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010)).  Accordingly, the court finds Brown's claim in Ground One should be denied.

### RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment be granted (ECF No. 11) and Brown's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 18, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).